UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| RSUI INDEMNITY COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 8:13-cv-02629-T-26TGW |
| | ) | |
| AKSHAY M. DESAI, SANDIP I. PATEL | ) | |
| SEEMA DESAI, JEFF LUDY, | ) | |
| DEEPAK DESAI, STEVEN J. SCHAEFER, | ) | |
| JAYENDRA CHOKSI and THE FLORIDA | ) | |
| DEPARTMENT OF FINANCIAL SERVICES | ) | |
| as RECEIVER for Universal Health Care | ) | |
| Insurance Company, and UNIVERSAL HEALTH | ) | |
| CARE GROUP, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS', SANDIP I. PATEL, JEFF LUDY AND DEEPAK DESAI'S, MOTION TO DISMISS OR IN THE ALTERNATIVE TO ABATE COUNT III AND INCORPORATED MEMORANDUM OF LAW**

Defendants, SANDIP I. PATEL ("PATEL"), JEFF LUDY ("LUDY") and DEEPAK DESAI ("D. DESAI"), by and through their undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby file their Motion to Dismiss, or in the Alternative, Abate, Count III of RSUI INDEMNITY COMPANY'S ("RSUI"), Complaint for Declaratory Judgment for failure to state a claim on which relief can be granted and as grounds therefore would state as follows:

1.  RSUI issued a Directors and Officers Liability policy to UNIVERSAL HEALTH CARE GROUP, INC. ("UNIVERSAL") for the policy period of November 1, 2012 to November 1, 2013, Policy Number HP 648986 (hereinafter the "RSUI Policy"). (Doc. 1, ¶ 19).

2. Defendant, PATEL, was the former General Counsel and Chief Administrative Officer of UNIVERSAL.

3. Defendant, LUDY, was the former Vice President of Sales and Marketing and Chief Marketing Officer of UNIVERSAL.

4. DEFENDANT, D. DESAI, was the former Chief Strategy Officer of UNIVERSAL.

5. PATEL, LUDY and D. DESAI are all Insured Persons under the RSUI Policy. (Doc. 1, ¶ 50).

6. UNIVERSAL is the parent company of UNIVERSAL HEALTH CARE INSURANCE COMPANY ("UHCIC") and UNIVERSAL HEALTH CARE, INC. ("UHC"). (Doc. 1, ¶ 17).

7. On February 15, 2013, the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida, entered Orders to Show Cause, Injunction, and Notice of Automatic Stay for Purposes of Liquidation (the "Orders") in the cases styled State of Florida, ex rel., the Department of Financial Services of the State of Florida, Relator, v. Universal Health Care Insurance, Company, Inc., Respondent, case number 2013-CA-000358, and State of Florida, ex rel., the Department of Financial Services of the State of Florida, Relator, v. Universal Health Care, Inc., Respondent, case number 2013-CA-000375 (collectively the "Receivership Proceedings").

8. The Orders provided, inter alia, that the State of Florida, Department of Financial Services (the "Department") made a prima facie showing that UHCIC and UHC met one or more statutory grounds for the appointment of the Department as Receiver (the "Receiver"). (Doc. 1, ¶ 29).

9. On April 4, 2013, the Department served PATEL, LUDY and D. DESAI with Section 631.154, Florida Statues letters in the Receivership Proceedings (the "§ 631.154 Letters"). The § 631.154 Letters are attached as Group Exhibit "C" to the Complaint and are referred to by RSUI in the Complaint as the "Clawback Letters". (Doc. 1, ¶ 36).

10. On April 24, 2013, PATEL, LUDY and D. DESAI tendered defense and indemnity of the § 631.154 Letters to RSUI. (Doc. 1, ¶ 32).

11. RSUI responded to PATEL, LUDY and D. DESAI's tender of the § 631.154 Letters agreeing to provide them with a defense under a reservation of rights, but denying any obligation to indemnify PATEL, LUDY and D. DESAI. (Doc. 1, ¶¶ 40-41).

12. In Count III of the Complaint, RSUI seeks a declaration that it has no duty to indemnify PATEL, LUDY and D. DESAI, with respect to the § 631.154 Letters. (Doc. 1, ¶ 128).

13. RSUI alleges that the § 631.154 Letters seek to avoid and recover bonus or other compensation received by PATEL, LUDY and D. DESAI. (Doc. 1, ¶ 126).

14. RSUI maintains that the return of bonus or other compensation, or any settlement amount representing, or substantially equivalent to such a return, does not constitute Loss under the RSUI Policy. (Doc. 1, ¶ 127).

15. The Receivership Proceedings, including the prosecution and defense of the § 631.154 Letters is currently ongoing and there has been no determination regarding the merits of the Department's claims against PATEL, LUDY and D. DESAI.

16. Accordingly, any declaration regarding RSUI's duty to indemnify the § 631.154 Letters is premature and must be dismissed.

3

17. Alternatively, any declaration regarding RSUI's duty to indemnify the § 631.154 Letters must be stayed pending a final resolution of the Department's claims against PATEL, LUDY and DESAI.

## MEMORANDUM OF LAW

RSUI is defending the § 631.154 Letters and acknowledges that the Department's claims trigger its duty to defend PATEL, LUDY and D. DESAI under the RSUI Policy. However, in Count III of its Complaint, RSUI seeks a declaration regarding its duty to indemnify the § 631.154 Letters. The duty to indemnify depends on the outcome of the Department's claims against PATEL, LUDY and D. DESAI in the underlying Receivership Proceedings. Northern Assur. Co. of America v. Custom Docks by Seamaster, Inc., 2011 WL 117046, *2 (M.D. Fla. Jan. 13, 2011). The duty to indemnify is "'measured by the facts as they unfold at trial or are inherent in the settlement agreement.'" Id. quoting Northland Cas. Co. v. HBE Corp., 160 F.Supp.2d 1348, 1360 (M.D. Fla. 2001). "'Because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim.'" Id. quoting Northland Cas. Co., 160 F. Supp. 2d at 1360 and citing Smithers Const., Inc. v. Bituminous Cas. Corp., 563 F. Supp. 2d 1345, 1348 (S.D. Fla.2008).

The "duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." Smithers, 563 F. Supp. 2d at 1348; see also IDC Constr., LLC v. Admiral Ins. Co., 339 F. Supp. 2d 1342, 1350 (S.D. Fla. 2004) (finding that a declaration regarding a duty to indemnify is premature unless there has been a resolution of the underlying claim); S.D. Coatings Inc. v. Century Sur. Co., 2008 WL 954178 at *1 (S.D.

4

Fla. Apr. 8, 2008) (holding that the issue of indemnification may not be resolved until resolution of the underlying state case).

A declaration of whether RSUI has a duty to indemnify PATEL, LUDY and D. DESAI for the Department's claims is not possible without a resolution of those claims in the Receivership Proceedings. Until the court in the Receivership Proceedings determines what, if any, liability exists and the type of damages at issue, this matter is not ripe for adjudication.

The issue of RSUI's obligation to indemnify PATEL, LUDY and/or D. DESAI is contingent upon a finding of liability against PATEL, LUDY and/or D. DESAI in the Receivership Proceedings. If PATEL, LUDY and/or D. DESAI are absolved of any liability, the issue of RSUI's indemnity obligation will be moot. Claims that are both premature and contingent should be dismissed without prejudice. Essex Ins. Co. v. Rodgers Bros. Servs., Inc., 8:05–CV–648T27TBM, 2006 WL 2356036, at *1–2 (M.D. Fla. Aug. 11, 2006) ("When the mere passage of time is insufficient to cure the premature element of the action, . . . dismissal without prejudice is appropriate."); Looney v. Protective Life Ins. Co., 8:07–CV–1020T–17TBM, 2007 WL 2669190, at *4 (M.D. Fla. Sept. 6, 2007) (same); Great Am. Assur. Co. v. Sanchuk, LLC, 8:10–CV–2568–T–33AEP, 2012 WL 195526, at *7 (M.D. Fla. Jan. 23, 2012)("when premature filing of an action cannot be cured by the passing of time—that is, when the claim is dependent upon the outcome of a separate action—dismissal without prejudice is preferred").

The court in Shuck v. Bank of Am., N.A., 862 So. 2d 20 (Fla. 2d DCA 2003), explained:

> The appropriate disposition of prematurely filed actions varies depending upon the circumstances that give rise to the premature element of the claim. For example, an action filed before the expiration of a statutory waiting period is deemed premature. The premature element of an action filed before the expiration of an applicable statutory waiting period is cured once the waiting period has expired. In cases where the premature element of an action is curable simply by the passage of time, Florida courts have generally disapproved dismissal of the

5

action. Instead, the favored disposition is abatement of the action until the cause matures.

However, in other premature actions, the mere passage of time is not sufficient to cure the premature element of the action. An action may be premature because one of its essential elements is contingent upon the occurrence of an event that may or may not occur. In such cases, where the mere passage of time will not cure the premature element of the claim, abatement is not an appropriate disposition, and a dismissal is required.

Shuck, 862 So. 2d (internal citations omitted).

Although Shuck instructs that a claim that is both premature and contingent should be dismissed, the court in Ironshore Indem., Inc. v. Banyon, 1030-32, LLC, 12-61678-CIV, 2013 WL 4711155 (S.D. Fla. Aug. 30, 2013) recognized that there is a division among the courts as to whether a stay or dismissal without prejudice is the proper remedy. Id. at *7-8 (citations omitted). The Banyon court aligned itself with those courts which found that claims that are both premature and contingent should be dismissed rather than abated. Banyon, 2013 WL 4711155, *8.

Although, PATEL, LUDY and D. DESAI seek dismissal of Count III without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, to the extent that the Court finds that a stay is the appropriate remedy, PATEL, LUDY and D. DESAI request that this Court abate Count III until there is a final resolution of the Department's claims against PATEL, LUDY and D. DESAI in the Receivership Proceedings.

## **CONCLUSION**

RSUI'S duty to indemnify the Department's claims against PATEL, LUDY and D. DESAI is not ripe for adjudication unless and until the insureds are in fact held liable in the underlying Receivership Proceedings. Until the court in the Receivership Proceedings determines what, if any, liability exists and the type of damages at issue, this matter is not ripe

6

for adjudication. The issue of RSUI's obligation to indemnify PATEL, LUDY and/or D. DESAI is contingent upon a finding of liability against PATEL, LUDY and/or D. DESAI in the Receivership Proceedings. Claims that are both premature and contingent should be dismissed without prejudice. Accordingly, Count III should be dismissed. Alternatively, Count III should be abated pending a final resolution of the Department's claims against PATEL, LUDY and D. DESAI.

WHEREFORE, Defendants, PATEL, LUDY and D. DESAI respectfully request that this Court enter an Order dismissing Count III, or in the alternative, abating Count III, pending a final resolution of the Department's claims against PATEL, LUDY and D. DESAI, and awarding attorney's fees pursuant to Florida Statute Section 627.428 and any other relief which the Court deems just and appropriate.

/s/William J. Schifino
**William J. Schifino, Jr., Esquire**
Florida Bar No.: 564338
wschifino@burr.com
**Robin P. Keener, Esquire**
Florida Bar No: 0597945
rkeener@burr.com
**John A. Schifino, Esquire**
Florida Bar No.: 72321
jschifino@burr.com
BURR & FORMAN LLP
P.O. Box 380
Tampa, FL 33601
(813) 221-2626
(813) 221-7335 – fax
**Attorneys for Defendants, Sandip I. Patel, Jeff Ludy and Deepak Desai**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 1, 2014, I hereby electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| **William J. Schifino, Jr., Esquire**<br>Florida Bar No.: 564338<br>wschifino@burr.com<br>**John A. Schifino, Esquire**<br>Florida Bar No.: 72321<br>jschifino@burr.com<br>**Robin P. Keener, Esquire**<br>Florida Bar No: 0597945<br>rkeener@burr.com<br>BURR & FORMAN LLP<br>P.O. Box 380<br>Tampa, FL 33601<br>(813) 221-2626<br>(813) 221-7335 – fax<br>**Attorneys for Defendants, Sandip I. Patel, Jeff Ludy and Deepak Desai** | **Roberto Martinez**<br>Florida Bar No.: 305596<br>bob@colson.com<br>255 Alhambra Circle<br>Coral Gables, FL 33134-7411<br>(305) 476-7400<br>(305) 476-7444 - fax<br>**Attorney for Defendant, Akshay Desai** |
| **Aaron Behar, Esquire**<br>Florida Bar No.: 166286<br>ab@aaronbeharpa.com<br>Behar Behar<br>1840 N. Commerce Parkway, Suite 1<br>Weston, FL 33326-3222<br>(954) 688-7642<br>(954) 332-9260 - fax<br>**Attorney for Defendant, The Florida Department of Financial Services as Receiver for Universal Health Care Insurance Company** | **Lawrence P. Ingram, Esquire**<br>Florida Bar No.: 855510<br>ingraml@phelps.com<br>Phelps Dunbar LLP<br>100 S. Ashley Drive, Suite 1900<br>Tampa, FL 33602-5211<br>(913) 472-7555<br>(813) 472-7570<br><br>and |

|  | **William P. Bila, Esquire**<br>wbila@wwmlawyers.com<br>**Ryan M. Henderson, Esquire**<br>rhenderson@wwmlawyers.com<br>**Kevin G. Mikulaninec, Esquire**<br>kmiklaninec@wwmlawyers.com<br>(Moving for Admission pro hac vice)<br>Walker Wilcox Matousek LLP<br>One North Franklin, Suite 3200<br>Chicago, IL 60606-3610<br>(312) 244-6700<br>(312) 244-6800 - fax<br>**Attorneys for Plaintiff, RSUI Indemnity Company** |
|---|---|

/s/Robin P. Keener
Robin P. Keener, Esquire