**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RSUI INDEMNITY COMPANY,

      Plaintiff,

v.                                                           CASE NO: 8:13-cv-2629-T-26TGW

AKSHAY M. DESAI, SANDIP I. PATEL,
SEEMA DESAI, JEFF LUDY, DEEPAK DESAI,
STEVEN J. SHAEFER, THE FLORIDA
DEPARTMENT OF FINANCIAL SERVICES as
Receiver for Universal Health Care Insurance Company,
and UNIVERSAL HEALTH CARE GROUP, INC.,

      Defendants.

_____/

## O R D E R

Before the Court is Defendants Sandip I. Patel, Jeff Ludy and Deepak Desai's

Motion to Dismiss or, in the alternative, to Abate Count III (Dkt. 30), Defendants Akshay

M. Desai and Seema Desai's Notice of Joinder in the Motion (Dkt. 41), and Plaintiff's

Response in Opposition (Dkt. 43).  After careful consideration of the allegations of the

Complaint, the applicable law, and the entire file, the Court concludes that the motion to

dismiss should be denied and the motion to abate granted.

## BACKGROUND

Universal Health Care Group, Inc. (Universal Group), a health maintenance and

holding company for subsidiaries operating as insurance companies, suffered a $29

million loss in 2011.  A year later, Plaintiff RSUI Indemnity Company (RSUI), based on an application allegedly fraught with material misrepresentations, issued a directors and officers liability policy to Universal Group effective November 1, 2012, to November 1, 2013, on the premise that Universal Group's financial condition had vastly improved. This proved not to be the case.

Universal Health Care Insurance Company (UHCIC), along with Universal Health Care, Inc. (UHC), and two other companies, all subsidiaries of Universal Group, operated as insurance companies; however, Georgia insurance regulators barred UHCIC from selling any new insurance policies as early as November 15, 2012, and Ohio regulators barred UHCIC on December 18, 2012.  Just before the scheduled foreclosure of Universal Group's equity interests in the four subsidiaries, in early February 2013, the Florida Office of Insurance Regulation and the Florida Department of Financial Services (DFS) commenced receivership proceedings against UHCIC and UHC.  Universal Group filed for protection under Chapter 11 of the Bankruptcy Code one day later.  In late March 2013, the state court ordered UHCIC and UHC into receivership and appointed the DFS as receiver.  Grand jury subpoenas followed along with a raid of Universal Group's headquarters by the Federal Bureau of Investigation.

RSUI was informed in April 2013 of the criminal investigation as well as certain "clawback letters" and "receiver's letters."  The DFS issued clawback letters to four of the individual Defendants who received $4.5 million in the form of a bonus and other

compensation, directing them to return same.  The clawback letters stated that the bonus and compensation were received at a time when UHCIC's and UHC's insolvent financial condition should have been known to the officers of the companies.  The DFS also issued demand letters to RSUI, which are referred to as the receiver's letters.  The receiver's letters demand $16 million in damages for a sham receivable intended to cover up UHCIC's insolvency.

In this action for declaratory relief based on diversity of citizenship, RSUI seeks a determination in count I that no coverage exists under the policy as a result of the alleged misrepresentations in the application for insurance.  Count II requests a declaration that no duty to defend exists with respect to the criminal investigation leading up to any indictments returned against four of the individual Defendants and Universal Group.  Count III requests this Court to determine whether RSUI owes a duty to indemnify four of the individual Defendants, who are either or both former officers and directors of UHCIC, with respect to the clawback letters.  RSUI agreed to defend the four Defendants under a reservation of rights with respect to the clawback letters; however, RSUI denied the duty to indemnify them.

## ANALYSIS

Defendants seek a dismissal or, in the alternative, an abatement or stay, of count III requesting a declaration that RSUI must indemnify the DFS's claims against Sandip Patel, Jeff Ludy, Deepak Desai, and Akshay Desai with respect to the clawback letters.

Defendants cite cases for the premise that the duty to indemnify is not ripe for adjudication in a declaratory relief action until the outcome of the claims of the DFS has been decided against the insured in the underlying suit.  See, e.g., Smithers Constr., Inc. v. Bituminous Cas. Corp., 563 F.Supp.2d 1345, 148 (S.D. Fla. 2008); Southern Coatings, Inc. v. Century Sur. Co., No. 07-80558-CIV, 2008 WL 954178, at *1 (S.D. Fla. Apr. 8, 2008); IDC Constr., LLC v. Admiral Ins. Co., 339 F.Supp.2d 1342, 1350 (S.D. Fla. 2004).[1]  These cases, as well as the ones listed in the footnote below, share a reliance on Northland Cas. Co. v. HBE Corp., 160 F.Supp.2d 1348 (M.D. Fla. 2001), which unequivocally expresses the duty of indemnity as dependent on the outcome of the underlying claim.  In reaching their final decisions, however, the courts often ultimately considered the Eleventh Circuit's general guidelines to consider whether to proceed with the declaratory judgment.  See Ameritas Variable Life Ins. v. Roach, 411 F.3d 1328, 1331

---

[1]  See also Max Specialty Ins. Co. v. A Clear Title & Escrow Exchange, LLC, 8:12-cv-727-T-26MAP, 2013 WL 3992409 (M.D. Fla. Aug. 2, 2013) (citing Northland Cas. Co. v. HBE Corp., 160 F.Supp.2d 1348 (M.D. Fla. 2001), and staying the declaratory action, which sought to determine the duty to indemnify, until resolution of the underlying state court action); Philadelphia Indem. Ins. Co. v. Hamic, No. 8:12-cv-829-T-26EAJ, 2012 WL 3835088 (M.D. Fla. Jul. 27, 2012) (citing Northland and staying similar case); Woodruff & Sons, Inc. v. Central Mut. Ins. Co., No. 8:12-cv-181-T-24MAP, 2012 WL 695667 (M.D. Fla. Mar. 5, 2012) (citing Northland and Smithers and staying similar case); Northern Assurance Co. of Am. v. Custom Docks by Seamaster, Inc., No. 8:10-cv-1869-T-27MAP, 2011 WL 117046 (M.D. Fla. Jan. 13, 2011) (citing Northland and staying similar case); Penn Millers Ins. Co. v. AG-Mart Produce, Inc., No. 8:05-cv-1852-T-17TBM, 2006 WL 2864402 (M.D. Fla. Oct. 5, 2006) (citing Northland and dismissing without prejudice declaratory action to determine duty to indemnify for punitive damages, reasoning that state court was in best position to resolve pending tort action brought by injured accident victims against insured).

(11th Cir. 2005) (setting forth "guideposts" for federal courts sitting in diversity in cases brought under the Declaratory Judgment Act). Ameritas stresses the necessity of the district court keeping mindful of the traditional concepts of federalism, efficiency, and comity. Ameritas, 411 F.3d at 1332.

In attempting to resolve the present motion and reconcile the continued reliance on Northland, this Court notes that the court in Northland was attempting to streamline the laws of three different states, one of which was Florida. In contrasting the duty to defend and the duty to indemnify, the judge in Northland wrote that "[a]ny declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim." Northland, 160 F.Supp.2d at 1360 (citing cases from outside Florida). To the extent the statement in Northland was the law of Florida at the time it was decided, it is no longer an accurate statement of Florida law that the underlying claim must be first resolved before any declaration as to the duty to indemnify may be made. See Higgins v. State Farm Fire & Cas. Co., 894 So.2d 5 (Fla. 2004).[2] Under Florida law, "whether the declaratory action or the underlying action between the claimant and the insured is to proceed first" hinges on the "infinite . . . variety of circumstances" that prevents any one

---

[2]  See also Penn-America Ins. Co. v. Deslin Hotels, Inc., No. 6:11-cv-1990-Orl-22TBS, 2012 WL 5199626, at *2 (M.D. Fla. Oct. 22, 2012) (observing that "[s]ince Northland, however, the Florida Supreme Court has changed its interpretation of declaratory judgment actions").

rule from applying in all cases.  Higgins, 894 So.2d at 15-17.  Higgins leaves the decision

to the trial court's discretion based on several factors outlined in the opinion.

      Having noted that Florida law does not require that the underlying state lawsuit be

decided prior to a state court declaratory claim seeking to determine coverage, the

resolution of the motion must be decided in the context of the particular facts and

procedural posture of this declaratory action pending in federal court.  In its response,

RSUI invokes the exception under Florida law concerning exclusions, that the facts as

alleged fail to bring the case within the coverage of the policy.  See Essex Ins. Co. v. Big

Top of Tampa, Inc., 53 So.3d 1220, 1223 (Fla.Dist.Ct.App. 2011) (citing Auto-Owners

Ins. Co. v. Marvin Dev. Corp., 805 So2d 888, 891 (Fla.Dist.Ct.App. 2001), which was

decided on the duty-to-defend issue).[3]  Specifically, RSUI urges that the return of the

bonus and compensation constitutes an uninsurable loss under the policy.

      Nevertheless, the present declaratory action was brought approximately eight

months after state court proceedings for receivership began.  According to the

Defendants, the resolution of the claims against them now pending in the state court

proceedings will determine whether any liability exists.  Applying the factors set forth in

Ameritas, and the principles of federalism, efficiency, and comity, to the circumstances of

---

    [3]   In Florida, the duty to defend is much broader than the duty to indemnify.  See
Jones v. Florida Ins. Guar. Ass'n, Inc., 908 So.2d 435, 442-43 (Fla. 2005).  In this case,
however, RSUI admits that it is defending, with a reservation of rights, the underlying
state court lawsuits with respect to the clawback letters.  See docket 1, Complaint at para.
40.

this case, the Court finds that a stay of count III is in order.[4]   The underlying factual issues are important to an informed resolution of the case, and the state court is now in the best position to resolve those factual issues.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)     Defendants' Motion to Dismiss (Dkt. 30) is **DENIED.**

(2)     Defendants' alternative Motion to Abate (Dkt. 30) is **GRANTED**.

(3)     Count III of the Complaint is hereby **stayed** until resolution of the pending, underlying state-court proceedings.

(4)     Defendants shall file an answer to the Complaint within ten (10) days.

(5)     It is noted that a response to the Complaint for the Chapter 11 Trustee for Defendant Universal Group is due April 25, 2014.[5]

**DONE AND ORDERED** at Tampa, Florida, on April 24, 2014.


   _s/Richard A. Lazzara_
   **RICHARD A. LAZZARA**
   **UNITED STATES DISTRICT JUDGE**

---

[4]   The cases Defendants cite to support its contention that count III should be dismissed, rather than stayed, are distinguishable.  See Great Am. Assurance Co. v. Sanchuk, LLC, 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *7 (M.D. Fla. Jan. 23, 2012); Looney v. Protective Life Ins. Co., 8:07-cv-1020-T-17TBM, 2007 WL 2669190, at *4 (M.F. Fla. Sept. 6, 2007); Essex Ins. Co. v. Rodgers Bros. Servs., Inc., 8:05-cv-648-T-27TBM, 2006 WL 2356036, at *1-2 (M.D. Fla. Aug. 11, 2006).  These cases do not involve declaratory actions to determine the duty to indemnify, but, instead, involve claims against an insurance agent before the proceedings against the insurer are final.

[5]   See Order at docket 47.

**COPIES FURNISHED TO**:
Counsel of Record