UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:  8:13-cv-02629-JSM-TGW

RSUI INDEMNITY COMPANY,

    Plaintiff,

vs.

AKSHAY M. DESAI, SANDIP I. PATEL SEEMA DESAI, JEFF LUDY, DEEPAK DESAI, STEVEN J. SCHAEFER, THE FLORIDA DEPARTMENT OF FINANCIAL SERVICES, as RECEIVER for Universal Health Care Insurance Company, and UNIVERSAL HEALTH CARE GROUP, INC.,

    Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES OF SONEET R. KAPILA AS CHAPTER 11 TRUSTEE OF DEFENDANT UNIVERSAL HEALTH CARE GROUP, INC.**

Soneet R. Kapila, not individually but as Chapter 11 trustee (the "Trustee") of the bankruptcy estate of Defendant Universal Health Care Group, Inc. ("Universal"), by and through undersigned counsel, files his Answer and Affirmative Defenses to Plaintiff RSUI Indemnity Company's ("RSUI") Complaint for Declaratory Judgment ("Complaint") as follows:

**THE PARTIES**

    1.    Admitted that RSUI is an insurance company.  Without knowledge as to the remaining allegations and therefore denied.

2. Admitted that Akshay M. Desai ("Dr. Desai") was at one time an officer and member of the board of directors of Universal Health Care Insurance Company ("UHCIC"). Without knowledge as to the remaining allegations and therefore denied.

3. Admitted that Sandip I. Patel ("Patel") was at one time an officer and member of the board of directors of UHCIC. Without knowledge as to the remaining allegations and therefore denied.

4. Admitted that Seema Desai ("S. Desai") was at one time an officer and member of the board of directors of UHCIC. Without knowledge as to the remaining allegations and therefore denied.

5. Admitted that Jeff Ludy ("Ludy") was at one time an officer of UHCIC. Without knowledge as to the remaining allegations and therefore denied.

6. Admitted that Deepak Desai ("D. Desai") was at one time an officer and member of the board of directors of UHCIC. Without knowledge as to the remaining allegations and therefore denied.

7. Admitted that Steve Schaefer ("Schaefer") was at one time an officer of UHCIC. Without knowledge as to the remaining allegations and therefore denied.

8. Admitted that Jayendra Choksi ("Choksi") was at one time a member of the board of directors of UHCIC. Without knowledge as to the remaining allegations and therefore denied.

9. Admitted.

10. Denied.

## JURISDICTION AND VENUE

11. Admitted that RSUI seeks a declaratory judgment. Denied as to the remaining allegations.

12. Admitted that there is diversity of citizenship between RSUI and Universal. Without knowledge as to the remaining allegations and therefore denied.

13. Admitted for venue purposes only.

14. Admitted for jurisdictional purposes only.

15. Without knowledge and therefore denied.

## BACKGROUND

16. Admitted that Universal operated out of St. Petersburg, Florida as a holding company which provided a number of health insurance and managed care products and services through its wholly-owned subsidiaries. Denied as to the remaining allegations.

17. Admitted only that Universal is a holding company for the subsidiaries Universal Health Care Insurance Company, Inc., Universal Health Care, Inc., Universal HMO of Texas, Inc., and Universal Health Care of Nevada, Inc., which companies are now in receivership. Any remaining allegations are denied.

18. Without knowledge and therefore denied.

19. Without knowledge as to the date on which the Policy was issued and therefore denied. Admitted as to the remaining allegations.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. Without knowledge and therefore denied.

25. Without knowledge and therefore denied.

26. Admitted that prior to bankruptcy, BankUnited, Inc. had scheduled sale of Universal's equity interests in Universal's subsidiaries under the Uniform Commercial Code. Without knowledge as to the remaining allegations and therefore denied.

27. Admitted that the Florida Office of Insurance Regulation and The Florida Department of Financial Services ("DFS") commenced receivership proceedings against UHCIC and Universal Health Care, Inc. ("UHC") in the Circuit Court of the Second Judicial Circuit of Florida, Leon Country. Without knowledge as to the remaining allegations and therefore denied.

28. Admitted.

29. Admitted that the Circuit Court of the Second Judicial Circuit of Florida, Leon County ordered UHCIC and UHC into receivership and appointed DFS as receiver. Without knowledge as to the remaining allegations and therefore denied.

30. Without knowledge and therefore denied.

31. Admitted that on March 28, 2013, agents of the Federal Bureau of Investigation raided Universal's headquarters, seizing documents and computers. Without knowledge as to the remaining allegations and therefore denied.

32. Without knowledge and therefore denied.

**CRIMINAL INVESTIGATION**

33. Admitted that Group Exhibit A to the Complaint purports to be true and accurate copies of letters dated April 24, 2013 and April 26, 2013. Group Exhibit A speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

34. Admitted that Group Exhibit B to the Complaint purports to be true and accurate copies of letters dated April 25, 2013 and April 29, 2013. Group Exhibit B speaks for itself and

to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

35. Without knowledge and therefore denied.

### THE CLAWBACK LETTERS

36. Admitted that Group Exhibit C to the Complaint purports to be copies of the Clawback Letters. Group Exhibit C speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

37. Group Exhibit C speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

38. Group Exhibit C speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

39. Without knowledge and therefore denied.

40. Without knowledge and therefore denied.

41. Without knowledge and therefore denied.

### THE RECEIVER'S LETTERS

42. Admitted that Group Exhibit D to the Complaint purports to be true and accurate copies of the Receiver's Letters. Group Exhibit D speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of documents, such allegations are denied.

43. Group Exhibit D speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

44. Group Exhibit D speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

45. Group Exhibit D speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

## THE RSUI INSURANCE POLICY

46. Admitted that the Policy issued to Universal is effective November 1, 2012, and that Exhibit E to the Complaint purports to be a true and accurate copy of the Policy. Without knowledge as to the remaining allegations and therefore denied.

47. The Policy speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading or construction of the Policy, such allegations are denied.

48. The Policy speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading or construction of the Policy, such allegations are denied.

49. The Policy speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading or construction of the Policy, such allegations are denied.

## THE APPLICATION

50. Admitted that Universal is an Insured under the Policy. Without knowledge as to the remaining allegations and therefore denied.

51. Admitted that Exhibit F to Complaint purports to be a true and accurate copy of the Application. Without knowledge as to the remaining allegations and therefore denied.

52. The Application speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the Application, such allegations are denied.

53. The Application speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the Application, such allegations are denied.

54. The Application speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the Application, such allegations are denied.

55. The Application speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the Application, such allegations are denied.

56. The Application speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the Application, such allegations are denied.

57. Without knowledge and therefore denied.

## MISREPRESENTATIONS IN THE APPLICATION

58. Denied, and strict proof thereof is demanded at trial.

59. Without knowledge and therefore denied.

60. Without knowledge and therefore denied.

61. Without knowledge and therefore denied.

62. Without knowledge and therefore denied.

**First Misrepresentation**

63. Denied, and strict proof thereof is demanded at trial.

64. Without knowledge and therefore denied.

65. The Interim Financials speak for themselves and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

66. The Interim Financials speak for themselves and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

67. Denied, and strict proof thereof is demanded at trial.

68. Without knowledge and therefore denied.

69. Without knowledge as to whether the Insureds provided the Statutory Financials to RSUI and therefore denied.  Admitted that Group Exhibit G to the Complaint purports to be a copy of portions of the Statutory Financials.  Without knowledge as to the remaining allegations and therefore denied.

70. Group Exhibit G speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

71. Group Exhibit G speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

72. Group Exhibit G speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

73. Without knowledge and therefore denied.

**Second Misrepresentation**

74. Denied, and strict proof thereof is demanded at trial.

75. The Application speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the Application, such allegations are denied.

76. The Application speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the Application, such allegations are denied.

77. The Application speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the Application, such allegations are denied.

78. Admitted that Exhibit H to the Complaint purports to be a copy of the Notice of Default.  Without knowledge as to the remaining allegations and therefore denied.

79. Exhibit H speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

80. Exhibit H speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

81. Exhibit H speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

82. Without knowledge and therefore denied.

83. Without knowledge and therefore denied.

**Third Misrepresentation**

84. Denied, and strict proof thereof is demanded at trial.

85. Admitted that Exhibit I to the Complaint purports to be a copy of a letter written by Ernst & Young dated June 1, 2012. Exhibit I speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

86. Without knowledge and therefore denied.

87. Admitted that Exhibit J to the Complaint purports to be a copy of UHC's 2011 audited financial statements. Exhibit J speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

88. Without knowledge and therefore denied.

89. Without knowledge and therefore denied.

**Fourth Misrepresentation**

90. Denied, and strict proof thereof is demanded at trial.

91. Exhibit F speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

92. Without knowledge and therefore denied.

93. Without knowledge and therefore denied.

94. Without knowledge and therefore denied.

95. Without knowledge and therefore denied.

96. Admitted that Exhibit K to the Complaint purports to be a copy of a consent order with UHCIC. Exhibit K speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

97. Exhibit K speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

98. Without knowledge and therefore denied.

99. Without knowledge and therefore denied.

**Fifth Misrepresentation**

100. Denied, and strict proof thereof is demanded at trial.

101. The Application speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the Application, such allegations are denied.

102. The Application speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the Application, such allegations are denied.

103. Without knowledge and therefore denied.

104. Without knowledge and therefore denied.

105. Without knowledge and therefore denied.

106. Admitted that Exhibit L to the Complaint purports to be a letter written by Dr. Desai dated February 1, 2013. Exhibit L speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

107. Exhibit L speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

108. Admitted that the transaction with America's 1st Choice did not close. Without knowledge as to the remaining allegations and therefore denied.

109. Denied, and strict proof thereof is demanded at trial.

110. Without knowledge and therefore denied.

111. Without knowledge and therefore denied.

**Summary**

112. Denied, and strict proof thereof is demanded at trial.

113. Without knowledge and therefore denied.

### COUNT I

### NO COVERAGE UNDER THE POLICY
(Against All Defendants)

114. The Trustee incorporates by reference his responses to paragraphs 1 through 113 as if fully stated herein.

115. Denied, and strict proof thereof is demanded at trial.

116. Without knowledge and therefore denied.

117. The Policy speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading or construction of the Policy, such allegations are denied.

118. Denied, and strict proof thereof is demanded at trial.

119. Admitted that RSUI seeks a judicial declaration. Denied with respect to the remaining allegations.

### COUNT II

### NO DUTY TO DEFEND THE CRIMINAL INVESTIGATION
(Against Defendants Dr. Desai, Patel, Ludy, D. Desai, and Universal)

120. The Trustee incorporates by reference his responses to paragraphs 1 through 113 as if fully stated herein.

121. The Policy speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading or construction of the Policy, such allegations are denied.

122. The Policy speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading or construction of the Policy, such allegations are denied.

123. The Policy speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading or construction of the Policy, such allegations are denied.

124. Admitted that RSUI seeks a judicial declaration. Denied with respect to the remaining allegations.

## COUNT III[1]

### NO DUTY TO INDEMNIFY FOR THE CLAWBACK LETTERS
### (Against Defendants Dr. Desai, Patel, Ludy, D. Desai, and Universal)

125. The Trustee incorporates by reference his responses to paragraphs 1 through 113 as if fully stated herein.

126. The Clawback Letters speak for themselves and to the extent the allegations of this paragraph are inconsistent with a fair reading of the documents, such allegations are denied.

127. The Policy speaks for itself and to the extent the allegations of this paragraph are inconsistent with a fair reading or construction of the Policy, such allegations are denied.

128. Admitted that RSUI seeks a judicial declaration. Denied with respect to the remaining allegations.

## PRAYER FOR RELIEF

(a) Denied, and strict proof thereof is demanded at trial.

(b) Denied, and strict proof thereof is demanded at trial.

(c) Denied, and strict proof thereof is demanded at trial.

(d) Denied, and strict proof thereof is demanded at trial.

(e) Denied, and strict proof thereof is demanded at trial.

(f) Denied, and strict proof thereof is demanded at trial.

(g) Denied, and strict proof thereof is demanded at trial.

---

[1] The Trustee notes that this count has been stayed pursuant to the Court's Order dated April 24, 2014. [D.E. 49].

CASE NO.:  8:13-cv-2629-T-26TGW

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*
### Failure to State a Cause of Action

As its First Affirmative Defense, the Trustee states that RSUI fails to state a cause of action under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq*., as the Policy provides coverage; thus, no actual controversy exists within the meaning of the statutes.

### *Second Affirmative Defense*
### Waiver/Estoppel

As its Second Affirmative Defense, the Trustee states that RSUI, by its actions and/or omissions, has waived any right to contest coverage or is estopped therefrom.  This includes, but is not limited to:

(a) waiver and/or estoppel to deny coverage based on information that was never requested in the Application and unknown to RSUI due to its failure to investigate or inquire further;

(b) wavier and/or estoppel to deny coverage based on information RSUI obtained during the course of its own investigation or inquiry; and

(c) waiver and/or estoppel to deny coverage to the extent RSUI was on notice of the facts and circumstances which the insurer alleges constitute misrepresentations in the Application.

### *Third Affirmative Defense*
### Ambiguity

As its Third Affirmative Defense, the Trustee states that RSUI may not disclaim its obligations under the Policy because of certain ambiguities in the subject Policy Application and the Policy.  Such ambiguities must be interpreted under governing law in favor of coverage and against RSUI.

### Fourth Affirmative Defense
### Side A Non-Rescindable Coverage

As its Fourth Affirmative Defense, the Trustee states that pursuant to endorsement RSG 204136 0606 to the Policy, the coverage provided under Section I, Insuring Agreement A is non-rescindable by the Insurer.

### Fifth Affirmative Defense
### Full Severability

As its Fifth Affirmative Defense, the Trustee states that pursuant to endorsement RSG 202057 0804 to the Policy, no knowledge or information possessed by any Insured may be imputed to any other Insured.

### Sixth Affirmative Defense
### Application Knowledge Standard

As its Sixth Affirmative Defense, the Trustee states that the standard applicable to the representations in the Application is to the best of the signing individual's knowledge and belief that the statements are true at the time of the Application.

### Seventh Affirmative Defense
### Materiality

As its Seventh Affirmative Defense, the Trustee states that to the extent RSUI is correct that the Application failed to properly disclose or misrepresented any facts, the failure to disclose or the representation was not material to RSUI's issuance of the coverage under the Policy.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order declaring that the Policy is in full force and effect as to Universal, and awarding attorney's fees pursuant to Section 627.428, Florida Statutes, costs, interest, and any other relief that the Court deems equitable, just, and proper.

CASE NO.:  8:13-cv-2629-T-26TGW

## JURY DEMAND

The Trustee demands a trial by jury of all issues so triable as a matter of right.

> Respectfully submitted,
>
> **VER PLOEG & LUMPKIN, P.A.**
>
> /s/ Jason S. Mazer
> **Jason S. Mazer**
> Florida Bar No. 0149871
> jmazer@vpl-law.com
> **Cary D. Steklof**
> Florida Bar No. 86257
> csteklof@vpl-law.com
> 100 S.E. 2nd Street, 30th Floor
> Miami, Florida 33131
> Telephone:  (305) 577-3996
> Facsimile:  (305) 577-3558
> *Special Insurance Counsel for the Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 7, 2014 I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in this manner specified, *via* transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

> /s/ Jason S. Mazer
> **Jason S. Mazer**

CASE NO.:  8:13-cv-2629-T-26TGW

| **SERVICE LIST** | |
|---|---|
| **William P. Bila, Esquire** <br> **Ryan M. Henderson, Esquire** <br> **Kevin G. Mikulaninec, Esquire** <br> WALKER WILCOX MATOUSEK, LLP <br> One North Franklin <br> Suite 3200 <br> Chicago, Illinois 60606 <br> Telephone: (312) 244-6700 <br> Email:  wbila@wwmlawyers.com <br> Email:  rhenderson@wwmlawyers.com <br> Email:  kmiklaninec@wwmlawyers.com <br> *Pro Hac Vice Counsel for Plaintiff RSUI Indemnity Company* | **Jason A. Herman, Esquire** <br> **Lawrence P. Ingram, Esquire** <br> PHELPS DUNBAR, LLP <br> 100 S. Ashley Drive <br> Suite 1900 <br> Tampa, Florida 33602 <br> Telephone: (813) 472-7555 <br> Email:  hermanj@phelps.com <br> Email:  ingraml@phelps.com <br> *Counsel for Plaintiff RSUI Indemnity Company* |
| **William J. Schifino, Jr., Esquire** <br> **John A. Schifino, Esquire** <br> **Robin P. Keener, Esquire** <br> BURR & FORMAN, LLP <br> P.O. Box 380 <br> Tampa, Florida 33601 <br> Telephone: (813) 221-2626 <br> Email:  wschifino@burr.com <br> Email:  jschifino@burr.com <br> Email:  rkeener@burr.com <br> *Counsel for Defendants Sandip I. Patel, Jeff Ludy and Deepak Desai* | **Aaron Behar, Esquire** <br> BEHAR BEHAR <br> 1840 N. Commerce Parkway <br> Suite 1 <br> Weston, Florida 33326 <br> Telephone: (954) 688-7642 <br> Email:  ab@aaronbeharpa.com <br> *Counsel for Defendant The Florida Department of Financial Services as Receiver for Universal Health Care Insurance Company* |